### BEAUDIN *v.* CENTRAL VERMONT R. Co.

*(Supreme Court, General Term, Third Department. May 21, 1891.)*

NEGLIGENCE—DEFECTIVE APPLIANCES.

Plaintiff was injured while coupling cars in the performance of his duty as brakeman on defendant's railroad. The cars which caused the injury were constructed with side sills extending beyond the ends of the cars, so that, when coupled, the bumpers kept the bodies of such cars about 2 feet apart, while the ends of the side sills were only 12 or 14 inches from each other. Couplings of such cars were made by the brakeman passing between the ends of the sills, and standing in the 2-foot space while adjusting the link and pin. There was evidence that cars so constructed were in general use, and the cars which caused the injury had been inspected on the day of the injury, and were in good condition. Plaintiff had previously coupled such cars. While making the coupling in question, plaintiff placed one hand on the end of the side sill, with his arm in line with the same, using the other hand to insert the link. While in this position, his elbow was struck by the projecting sill of the other car, and his arm broken. *Held*, that there was no evidence of negligence on the part of defendant, and a nonsuit was properly ordered at the close of plaintiff's case.

Appeal from circuit court, Franklin county.

Action by Peter Beaudin against the Central Vermont Railroad Company for injury sustained by the plaintiff while engaged in the service of the defendant as brakeman on a freight train of defendant's cars. The case discloses that the plaintiff had been in the defendant's employ as brakeman about eight or nine months before the injury, and that a part of his duties required him to man the brakes and couple the cars on trains run on defendant's railroad. At the time of the accident the plaintiff was engaged with an engineer and conductor in making up an extra freight train, composed of freight-cars belonging to the defendant, and also to other railroads, the cars of which ran over the defendant's line. Among the cars composing this extra freight train were six platform cars of the Delaware & Hudson Railroad Company. These cars were constructed with side sills on either side, running lengthwise of the cars, and extending about four inches beyond the body of the car at each end, which sills were about four inches in width at the end. When these cars were coupled the dead-wood (so called) kept the bodies of the cars about two feet apart, and that brought the opposite ends of these sills about twelve or fourteen inches from each other. To couple these cars, the brakeman passed between the ends of the same in the two-foot space in adjusting the link and pin. At the time of the injury the Delaware & Hudson Company had five or six hundred platform cars of this description in actual use on its roads and connecting lines, and the proof shows that cars of this build were in use on other roads, and that the cars in question by which the injury was produced were in good repair, and had been inspected by the defendant's car-inspector before they were attempted to be connected with the defendant's trains, on the day of the plaintiff's injury. The proof shows that these cars were in habitual use on the defendant's road, and that the

plaintiff was in the habit of helping to make up these extra trains, and that that was a part of his business. Previous to the accident, on the morning of the injury the plaintiff had coupled one of these cars to the engine, and had a fair opportunity to see these projecting sills. At the time of the injury the plaintiff stepped between two of these cars, to effect the coupling, placing one hand on the projecting sill, with the arm in line with the same, and while attempting with the other hand to insert the link and pin his elbow was struck by the end of the projecting sill of the other car, and his arm was broken. At the conclusion of the testimony the trial judge, on motion of the defendant, dismissed the complaint; and from the judgment of nonsuit, and order denying a new trial, plaintiff appeals.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*Kellas & Munsell*, (*J. P. Kellas*, of counsel,) for appellant. *Louis Hasbrook*, for respondent.

MAYHAM, J. We think the ruling of the learned judge was correct. Before the plaintiff could recover in this case, it was incumbent on him to prove some negligent act or omission by the defendant from which the jury could legally find the defendant guilty of negligence. This we think he failed to do. Construing the circumstances proved by the plaintiff in the most favorable light, in support of his contention, as we must on an application to set aside a nonsuit, (*Sherry* v. *Railroad Co.*, 104 N. Y. 652, 10 N. E. Rep. 128,) we fail to see any evidence from which the jury could legally find the defendant guilty of negligence for which a verdict in favor of the plaintiff could be upheld. The cars which the plaintiff was asked to couple were those in common and general use, and such as were approved by skilled mechanics and railroad men. This was all that could be required of the defendant. It owed the duty to its employes to furnish reasonably safe and suitable machinery and appliances for the performance of its work. It was not required to furnish the very best that the nature of the employment was capable of, but simply to furnish such as was reasonably safe and suitable; and this duty is performed on the part of the employer by the exercise of reasonable care and prudence. *Burke* v. *Witherbee*, 98 N. Y. 562; *Arnold* v. *Railroad Co.*, 6 N. Y. St. Rep. 369. The undisputed evidence is that this build of cars was in general use, and that no similar accident had happened, and that the cars in question had been examined by an examiner of the defendant, and no defects existed in them, unless the peculiar construction of all cars of that build rendered them defective. The law does not go the length of holding employers liable for accidents to their servants under such circumstances; on the contrary, when the servant is furnished reasonably safe and usual appliances for the performance of the work, he assumes the risk of the employment. The structure and condition of these cars were equally open and accessible to the plaintiff and defendant, and each had an equal opportunity to know the protuberance of the sills beyond the body of the cars. If that extension was dangerous, the employe and employer were alike in a position to have discovered and avoided accident in its use. The coupling was done and the accident happened in daylight, and the ends of these sills were in plain view of the plaintiff at the time of the injury. It was his misfortune he did not at the time observe the danger until it was too late; but there is no principle of law requiring that misfortune to be visited upon the defendant, in the absence of proof of culpable neglect on his part. If we are right in holding that the evidence fails to charge the defendant with negligence, then whatever may be said about the propriety of submitting the question of contributory negligence of the plaintiff is a question of fact for the jury. That question cannot arise. It is true that the plaintiff holds the affirmative, both upon the question of defendant's negligence and the plaintiff's freedom from con-

tributory negligence; but if he fail to establish the defendant's negligence, no matter how free he may be from negligence himself, he cannot recover.

It is urged on the part of the plaintiff that the court erred in receiving the conductor's report, in writing, of the cars which constituted the train by which plaintiff was injured. Before the report was read, it was verified by the evidence of the conductor, who testifies that it was made at the time on the same day when he went out with the train, and contained the numbers of the cars, but he could not remember the numbers when he was sworn without looking at the report. If evidence of the numbers of the cars in the train was material, and for the purpose of identifying the cars in question, as it probably was, then I do not see how this method of proof was not competent. The rule is now well settled that a witness who made a memorandum at the time of the occurrence, and made it correctly, may testify from the same, although he has no recollection of the facts contained in such memorandum. That is substantially what was done in this case. We see no error for which the judgment and order in this action should be reversed. Judgment and order affirmed, with costs. All concur.